UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HARIS RADONCIC,

                    Plaintiff,

-against-

E & A WORLDWIDE TRADERS INC. and ELAN
ELIAV *jointly and severally*,

                    Defendants.
-------------------------------------------------------------------X
ELAN ELIAV *jointly and severally* and E & A
WORLDWIDE TRADERS INC.,

                    Third-Party Plaintiffs,

-against-

MILLENNIUM PRODUCTS GROUP, LLC., CLOSEOUT
BINGE, INC. and STEVEN GOLDMEIER,

                    Third-Party Defendants.
-------------------------------------------------------------------X

**ORDER**
18-CV-1858 (SJF) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Feuerstein, is the motion of Pardalis & Nohavicka LLP for leave to withdraw as counsel for the third-party defendants, Millennium Products Group, LLC ("Millennium") and Steven Goldmeier ("Goldmeier"). Although the defendants and the third-party defendants were afforded an opportunity to weigh in on the motion to withdraw by filing papers with the Court on or before July 3, 2019, no one has responded. For the reasons that follow, the Court finds that Pardalis & Nohavicka LLP has demonstrated a legal justification for the withdrawal and, thus, the motion is granted.

Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved
> or displaced only by order of the court and may not withdraw from a case

> without leave of the court granted by the order. Such an order may be
> granted only upon a showing by affidavit of satisfactory reasons for
> withdrawal or displacement and the posture of the case, including its position,
> if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. The Court must consider two factors when deciding a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the impact of the withdrawal on the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 7:14-CV-3849 (NSR), 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (quoting Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08-CV-6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995). Indeed, courts have repeatedly found withdrawal to be appropriate when the client does not cooperate with the attorney in the litigation. *See, e.g., United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 U.S. Dist. LEXIS 13777, 2011 WL 601415, at * 1 (E.D.N.Y. Feb. 11, 2011) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively."); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

Here, Joseph Nohavicka details the difficulties the firm faces with continued representation of the third-party defendants in his Declaration dated June 25, 2019. Specifically, counsel states that since April, Pardalis & Nohavicka have asked the third-party defendants to execute a retainer agreement. Nohavicka Aff. at ¶¶ 4-6. After several attempts to contact the third-party defendants, the plaintiff, Haris Radoncic, advised counsel that Steven Goldmeier was not interested in retaining counsel for the defense of this matter. *Id.* ¶ 7. Considering this history and the status of the proceedings which will be addressed below, Pardalis & Nohavicka has sufficiently demonstrated satisfactory reasons to withdraw from further representing the third-party defendants in this matter and, thus, its motion to withdraw is granted.

Millennium and Goldmeier are hereby given 30 days to obtain new counsel. Millennium is advised that it cannot proceed *pro se*. *Rowland v. Calif. Men's Coloney*, 506 U.S. 194, 202-03 (1993). Accordingly, to proceed with this case, Millennium must retain counsel. Failure to do so on or before August 9, 2019, may result in a Report and Recommendation to the District Judge that a default judgment be entered against it. Moreover, in light of the above, under separate cover, the undersigned will recommend to District Judge Feuerstein that the plaintiff/third-party defendants' motion to dismiss [ECF No. 51] and the plaintiff's motion to amend the complaint to, among other things, assert a claim of retaliation against the defendants for filing the answer with third-party claims [ECF No. 42] be temporarily denied with leave to reinstate after the issue of the third-party defendants' representation is addressed by the Court. Finally, as discovery is also stayed for 30 days, the motion of the defendants/counterclaim plaintiffs seeking to compel the third-party defendants to appear for a

deposition is denied with leave to renew. The Court will enter an amended discovery schedule when it addresses the third-party defendants' representation.

Counsel for the plaintiff is directed to serve a copy of this order on Millennium and Goldmeier immediately upon receipt and to file proof of service with the Court.

Dated: Central Islip, New York
July 8, 2019

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge