FILED
CLERK
11:25 am, Jul 25, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HARIS RADONCIC,

                      Plaintiff,

     - against-

E & A WORLDWIDE TRADERS INC. and
ELAN ELIAV, *jointly and severally*,

                      Defendants.
----------------------------------------------------------X
ELAN ELIAV, *jointly and severally*, and
E & A WORLDWIDE TRADERS INC.,

                      Third-party Plaintiffs,

     - against-

MILLENNUIM PRODUCTS GROUP, LLC.,
CLOSEOUT BINGE, INC., and
STEVEN GOLDMEIR,

                      Third-Party Defendants.
----------------------------------------------------------X

**ORDER Adopting
Report & Recommendation**
18-cv-1858 (SJF)(ARL)

FEUERSTEIN, District Judge:

I.     Introduction

     Before the Court is a Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated July 8, 2019, recommending the temporary denial, with leave to renew, of

     (a) the Plaintiff/Third-Party Defendant's motion to dismiss (*see* ECF No. 51), and

     (b) the Plaintiff's motion to amend the Complaint (*see* ECF No. 42),

pending both the expiration of the thirty-day period provided to the Third-Party Defendants to retain new counsel and, thereafter, Magistrate Judge Lindsay addressing "the issue of the third-

party defendants' representation" by way of an amended discovery schedule. (*See* ECF No. 70 (Report); *see also* ECF No. 69 (July 8, 2019 ORDER (ARL) ("Withdrawal Order")) at 3-4 (stating, *inter alia*: "Millennium and Goldmeier are hereby given 30 days to obtain new counsel [(*i.e.*, August 9, 2019)]. Millennium is advised that it cannot proceed *pro se*.") (issued in conjunction with Report).)

In her Report, Magistrate Judge Lindsay advised, *inter alia*:

> (1.) "Pursuant to 28 U.S.C. § 363(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report . . . to file written objections." (Report at 2);
>
> (2.) "Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections." (*Id.*); and
>
> (3) "Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order." (*Id.* (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)).

(*Id.* at 2.)

A copy of the Report was served upon counsel of record for Plaintiffs and Defendants/Third-Party Plaintiffs via ECF on July 8, 2019 (*see* ECF No. 70, *attached* Notice of Electronic Filing) and upon Third-Party Defendants via U.S. Postal Service and Electronic Mail on July 9, 2019 (*see* ECF No. 71, Certificate of Service). Despite such service, no objections have been filed, nor did any party seek an extension to do so. For the reasons set forth below, Magistrate Judge Lindsay's Report is adopted in its entirety.

II. Discussion

*A. Standard of Review*

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466 (1985). Indeed, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

However, because the waiver rule is "nonjurisdictional," "in the interests of justice," the Court may excuse a violation. *King v. City of N.Y., Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

To accept a magistrate judge's report and recommendation absent a timely objection, a court need only be satisfied that there is no clear error on the face of the record. *See* FED. R.

Civ. P. 72(b); *Baptichon v. Nevada State Bank*, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. *Review of the Report*

No party has filed objections to the Report within the time prescribed in 28 U.S.C. §636(b)(1)(C), nor has any party sought an extension of the deadline. As the parties were provided with adequate notice of the Report and an express warning of the consequences of a failure to timely file objections thereto, their failure to interpose timely objections to the Report operates as a waiver of further judicial review. *See Caidor v. Onondaga County.,* 517 F.3d 601, 602-03 (2d Cir. 2008); *Mario,* 313 F.3d at 766. Thus, this Court is not obligated to conduct a *de novo* review of the findings and conclusions in the Report, but rather "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-cv-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013). After a careful review of the Report, the Court finds no plain error in either the reasoning or the conclusions reached therein, and accordingly, adopts it in its entirety.

III.   Conclusion

Accordingly, the Report is adopted in its entirety.   Therefore, (a) the Plaintiff/Third-Party Defendant's motion to dismiss (*see* ECF No. 51), and (b) the Plaintiff's motion to amend the Complaint (*see* ECF No. 42), are DENIED with leave to renew in accordance with Magistrate Judge Lindsay's Withdrawal Order.

SO ORDERED this 25th day of July 2019 at Central Islip, New York.

/s/  *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge